UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ORIGINAL

Belinda Martin, his parent, on behalf of J.M., a minor,

Plaintiff,

-vs-

Hopkins School District; City of Minnetonka Police Department; Linda Hibbard, individual; Ronald Armstrong, individual; Sarah Shafer, individual; S.S., a minor, C.K., a minor, and J.Z., a minor.

Defendants.

Civil File No. 01-2124 MJD/SRN

**PROTECTIVE ORDER**

The above-referenced matter came on for hearing before the undersigned Magistrate Judge on March 7, 2002, upon the motion of defendant Hopkins School District, Linda Hibbard, Sarah Safer, C.K., J.Z. and S.S. for issuance of a protective order governing the use and disclosure of data protected by state and federal law.

Karen Janisch, Esq. appeared on behalf of defendants Hopkins Public School District ("District"), Linda Hibbard, Sarah Shafer, C.K., and J.Z.. Paul Hopewell, Esq. appeared on behalf of defendant S.S.; Paul Reuvers, Esq. appeared on behalf of defendants the City of Minnetonka Police Department and Ron Armstrong. Jennie Brown, Esq. appeared on behalf of plaintiffs Belinda Martin and J.M.

The Court having been fully advised in the premises, and upon all the files, records, proceedings and affidavits herein; it is hereby ORDERED:

1. The Court recognizes the substantial and legitimate privacy concerns of the minors involved in this litigation. All references in this case to the minor defendants in any court

FILED APR 29 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

filing, submission or order will be by the child's initials. The approved caption is as set forth on the first page of this Order. Any prior filings in this matter that identify the minor defendants by name shall be placed under seal.

2. The District may disclose information and documents that would be considered educational records or private educational data under the Minnesota Data Practices Act and/or the Federal Education Rights and Privacy Act regarding J.M., S.S., J.Z., C.K. as needed to respond to discovery requests and deposition questions and/or in relation to motion proceedings, supporting documents or other court proceedings in this case.

3. The District may disclose information and documents that would be considered private personnel data under the Minnesota Data Practices Act regarding Linda Hbbard and Sarah Shafer as needed to respond to discovery requests and deposition questions and/or in relation to motion proceedings, supporting documents or other court proceedings in this case.

4. All deposition transcripts that include testimony that refers to or names minor defendants or other students will use initials in the transcript. A confidential key as to the identity of the students will be separately prepared by the court reporter and provided to the parties.

5. Documents containing data protected under the Minnesota Government Data Practices Act and/or the Federal Education Rights and Privacy Act will be marked as "confidential."

6. All educational data, educational records and personnel data protected from disclosure by the Minnesota Government Data Practices Act and/or the Federal Educational Rights and Privacy Act and any information, data or documents that identify the minor parties

will be considered confidential for purposes of this Order and may be used and disclosed by the parties only as provided by this Order.

7. Information designated as confidential by this Order may be disclosed, displayed or revealed only to the following persons, who the parties' counsel of record in good faith believe will be able to use the confidential information to assist in the presentation of matters to the Court for the resolution of disputes raised in this litigation:

a. counsel for record for plaintiffs and defendants and such counsel's partners, associates, co-counsel, legal assistants, secretarial and office staff;

b. persons who may be witnesses in depositions, at trial or otherwise;

c. Experts, consultants and employees of experts and consultants retained by plaintiffs or defendants and/or by counsel for plaintiffs or defendants provided that the expert and/or consultant first signs an acknowledgement to be bound by the terms of this Order;

d. Copy companies, court reports and other individuals or entities engaged to provide litigation support services;

e. The defendants' insurer;

f. The Court in any submission pursuant to the Rules of Evidence and/or Civil Procedure; and

g. As specifically allowed by a subsequent court order. No other use or disclosure of confidential information is permitted.

8. Any documents, affidavits, motions, memorandum or other supporting documents that contain, refer to or reference confidential information must be filed by the party under seal.

9. This Order does not restrict the rights of the parties to conduct or engage in the process of discovery or object thereto, as permitted by law or rule and does not constitute a waiver or any right by any party to object on any ground permitted by the Rules of Evidence or the Rules of Civil Procedure to the admissibility, production or use of any information.

10. The provisions of this Order shall not terminate at the conclusion of this case. The parties agree that the court shall have continuing jurisdiction over this case for purposes of construction and enforcement of this agreement. Every document constituting or containing confidential information, unless filed with the Court, admitted into evidence, or otherwise part of the record in this case, including all copies, will be made available for return to the District within 30 days after a request by the District following conclusion of this litigation including all appeals and retrials.

Dated: ~~March~~ April 29, 2002

Susan Richard Nelson

Hon. Susan Richard Nelson
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## ***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.